FILED

MAR 01 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYMOND TELLEZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | Civil No. SA-15-CV-00465-RCL |
| v. | § | |
| | § | |
| THE GEO GROUP, INC., | § | |
| | § | |
| DEFENDANT. | § | |

**Memorandum Opinion:
Granting in Part and Denying in Part the Plaintiff's Motion to Alter or Amend Judgment**

## SUMMARY

The Court has before it "Plaintiff's *Amended* Motion Under FRCP 59 to Alter or Amend the Judgment." (ECF #89). In that motion, the plaintiff seeks to amend the Court's prior judgment in this case (ECF ##86, 87) to add awards for costs other than attorney's fees, pre- and post-judgment interest, and damages for past mental anguish, none of which the plaintiff received in the initial judgment. The defendant opposes the motion in its entirety.

The defendant argues that the plaintiff waived his right to costs and to pre- and post-judgment interest by failing to ask for them in the final pretrial order. But the Court finds that this failure does not preclude the plaintiff from recovering costs and pre- and post-judgment interest because these are awarded as a matter of right to prevailing parties under the applicable statutes and rules. Therefore, the Court will GRANT the plaintiff's motion for costs and pre- and post-judgment interest.

The defendant argues that the plaintiff should not receive damages for past mental anguish because he cannot meet his burden under Rule 59(e) of showing (1) that the Court made

1

a manifest error of law in its initial judgment, (2) that there is newly discovered evidence to consider, or (3) that there has been an intervening change in the controlling law of which the Court must take account. The Court agrees. The plaintiff presents no new law or evidence for the Court to consider and has not identified a clear error of law in need of correction. Therefore, the Court will DENY the plaintiff's motion for damages for past mental anguish.

## BACKGROUND

While an inmate at the Central Texas Detention Facility, the plaintiff, Raymond Tellez, was attacked by two fellow inmates. The attacking inmates stabbed Mr. Tellez several times with a shank, causing puncture wounds to Mr. Tellez's right chest, right armpit, right rib cage, right front leg, right rear leg, and right lumbar. In addition to the stab wounds, Mr. Tellez also suffered assorted cuts, scrapes, and bruises on various portions of his body. Mr. Tellez received treatment for his injuries at a local hospital, where the physicians cleaned his wounds, closed three of them with staples, and prescribed five days' worth of pain medication.

The Central Texas Detention Facility is operated by the GEO Group ("GEO"). Mr. Tellez sued GEO for negligence, alleging that GEO negligently implemented (or failed to implement) its own security policies and procedures. For damages, Mr. Tellez sought $75,000 for past physical pain; $50,000 for future physical pain; $100,000 for past mental anguish; $50,000 for future mental anguish; $50,000 for past physical impairment; $50,000 for future physical impairment; $50,000 for past disfigurement; and $50,000 for future disfigurement. In total, then, Mr. Tellez requested $475,000 in damages.

In the run up to trial (and in some cases after trial), Mr. Tellez filed several documents that would, under Local Rule CV-16, normally be consolidated into a single proposed pretrial order. These documents included, at a minimum, several proposed findings of fact and conclusions

of law (ECF ##67, 74, 75, 79) and multiple witness/exhibit lists (ECF ##68, 73). In none of these documents did Mr. Tellez request costs, pre-judgment interest, or post-judgment interest.

In the end, following a bench trial held on January 4, 2017, the Court ruled in favor of Mr. Tellez. But while the Court found that GEO was negligent in its implementation of its security procedures and protocols, the Court only awarded to Mr. Tellez $25,000 in damages—$15,000 for past physical pain; $5,000 for future physical pain; and $5,000 for past disfigurement. (ECF #86). The Court denied all other requests for damages.

Mr. Tellez now seeks to amend portions of this judgment. (ECF #89). First, he asks to be awarded costs (excluding attorney's fees) and pre-and post-judgment interest. Second, he asks that the Court reconsider its denial of damages for past mental anguish.

## LEGAL STANDARDS

### I. New Trials Under Rule 59(a)

The trial held in this case was a bench trial. Federal Rule of Civil Procedure 59(a)(1)(B) sets forth the standard for when a new trial may be ordered in a bench trial. It says that a "court may, on motion, grant a new trial on all or some of the issues . . . after a nonjury trial, for any reason for which a hearing has heretofore been granted in a suit in equity in federal court." (FED. R. CIV. P. 59(A)(1)(B)). Under this standard, courts do not grant new trials unless it is reasonably clear that a prejudicial error has occurred or that substantial justice has not been done and cannot be done without a new trial on the relevant issues. (*Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999)). This analysis often resembles an analysis to alter or amend a judgment in that courts frequently look to see whether there has been a manifest error of law or mistake of fact that justifies setting aside the results of the earlier trial. (*E.g.*, *Thomas v. Concerned Care Home Health, Inc.*, 2016 WL 930943, at *1 (E.D. La. March 11, 2016)).

## II. Altering/Amending Judgment Under Rule 59(e)

A party may seek to amend or alter a judgment under Rule 59(e). Rule 59(e) says that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." (FED. R. CIV. P. 59(e)). The Fifth Circuit has emphasized that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." (*Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emps. Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)); *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. § 2810.1, at 124 (2d ed. 1995)). The purpose of a motion to alter or amend a judgment is not to "evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." (*Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990))). Rather, its purpose is to "allow[] a party to correct manifest errors of law or fact [in the judgment] or to present newly discovered evidence." (*Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted))). On these lines, Fifth Circuit law provides that a judgment may be amended or altered under this rule on three grounds: (1) to correct a manifest error of law, (2) to account for newly discovered evidence, and (3) to accommodate an intervening change in controlling law. (*Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

## ANALYSIS

### I. The Court Will Amend Its Prior Judgment to Award Costs and Pre- and Post-Judgment Interest to Mr. Tellez.

Mr. Tellez first seeks to amend the Court's earlier judgment to include awards of pre-judgment interest, post-judgment interest, and costs. For the following reasons, the Court will so amend its prior judgment.

### A. Pre-Judgment Interest

The basis for the Court's subject-matter jurisdiction over this case was diversity. (28 U.S.C. § 1332). "'State law governs the award of pre-judgment interest in diversity cases.'" (*Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010) (quoting *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994))). And in "'the absence of a statutory right to pre-judgment interest, Texas law allows for an award of equitable pre-judgment interest under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex. 1985).'" (*Id.* (quoting *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996))). "Under this standard, 'an equitable award of pre-judgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances.'" (*Id.* (quoting *Bituminous*, 75 F.3d at 1057)).

#### 1. Mr. Tellez Has a Statutory Right to Pre-Judgment Interest.

In this case, Mr. Tellez has a statutory right to pre-judgment interest. Under TEX. FIN. CODE § 304.102, a "judgment in a wrongful death, personal injury, or property damage case earns pre-judgment interest." Mr. Tellez's is a personal injury case, and in that personal injury case Mr. Tellez has won a judgment. That judgment earns pre-judgment interest under Texas law.

#### 2. Mr. Tellez Did Not Waive His Right to Pre-Judgment Interest By Failing to Request It in the Pre-Trial Order.

GEO makes two arguments against this straightforward application of Texas law. First, it argues that Mr. Tellez waived his right to pre-judgment interest by failing to request it in his pretrial order. Second, it argues that even if Mr. Tellez did not waive his right to pre-judgment interest, he should only receive pre-judgment interest on the "past" portion of his damages ($20,000) rather than on the full amount. As the Court will explain, GEO is wrong on the first count, but correct on the second.

Mr. Tellez failed to request pre-judgment interest in any of his final pretrial submissions. But this failure does not waive his right to receive pre-judgment interest. That may not have been so in the past. For example, in *Lindy Investments, L.P. v. Shakertown Corp.*, the Fifth Circuit refused to consider the plaintiff's entitlement to pre-judgment interest because "the issue was not included in the pretrial order" and stated that if "a claim or issue is omitted from the [pre-trial] order, it is waived, even if it appeared in the complaint." (209 F.3d 802, 804 n.1 (5th Cir. 2000) (internal quotations omitted)). But in another case, the Fifth Circuit held that "in diversity cases, it is not necessary for the plaintiff's pleadings to contain a prayer or other request for pre-judgment interest." (*Consol. Cigar Co. v. Tex. Commerce Bank*, 749 F.2d 1169, 1174 (5th Cir. 1985)).

More recently than either of those cases, though, the Fifth Circuit addressed this issue in *Meaux Surface Protection, Inc. v. Fogleman.* (607 F.3d 161 (5th Cir. 2010)). The plaintiffs in *Meaux*, just like Mr. Tellez in this case, failed to reassert their request for pre-judgment interest in the pre-trial order. (*Id.* at 172). Based on that failure, the defendants argued that the plaintiffs were precluded from seeking pre-judgment interest. (*Id.*). The Fifth Circuit acknowledged its previous contradictory rulings and stated that its "rule of orderliness" required it to abide by the earlier decision in *Consolidated Sugar*. Therefore, the plaintiff was permitted to seek an award of pre-judgment interest despite not requesting it in the pre-trial order. The Fifth Circuit summarized the resultant procedural rules regarding pleadings and pre-judgment interest as follows:

> [I]n diversity cases, it is not necessary for the plaintiff's pleadings to contain a prayer or other request for pre-judgment interest. If state substantive law provides for the recovery of interest, Federal Rule of Civil Procedure 54(c) requires that such be included where appropriate.

(*Meaux*, 607 F.3d at 172).

It is clear to the Court, then, that under Fifth Circuit precedent a plaintiff in a diversity case is not precluded from recovering pre-judgment interest simply because he fails to request it in the pre-trial order. For that reason, the Court finds that Mr. Tellez has not waived the right to seek pre-judgment interest.

### 3. Mr. Tellez May Only Receive Pre-Judgment Interest on $20,000 of His Damages.

Per TEX. FIN. CODE § 304.1045, pre-judgment "interest may not be assessed or recovered on an award of future damages." In accordance with this statute, Mr. Tellez and GEO agree that Mr. Tellez may not receive pre-judgment interest on his total damages, only on his past damages. Mr. Tellez's past damages are $20,000 ($15,000 for past physical pain and $5,000 for past physical disfigurement). Therefore, Mr. Tellez will be awarded pre-judgment interest on $20,000 of his judgment.

## B. Post-Judgment Interest

While state law governs issues of pre-judgment interest in diversity cases, "[f]ederal law governs post-judgment interest." (*Meaux*, 607 F.3d at 173). The relevant statute is 28 U.S.C. § 1961(a), which says that interest "shall be allowed on any money judgment in a civil case recovered in a district court." Post-judgment interest on money judgment is, then, a matter of right, not discretion. (*Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 752 (5th Cir. 1983) ("The failure of the district court to allow post-judgment interest on its original judgment . . . was patently an oversight, for interest was allowable as of right, not as a matter of discretion.")). The favored position that post-judgment interest occupies in our law is even clearer given that "failure to brief the matter is treated as 'oversight, not waiver.'" (*Meaux*, 607 F.3d at 173 (quoting *Reeves*, 705, F.2d at 752)).

In this case, Mr. Tellez won a money judgment in a civil case recovered in a district court. Therefore, he should receive post-judgment interest as a matter of right. His failure to include a request for post-judgment interest in the pre-trial order should be treated as oversight, not waiver.

But GEO still insists that Mr. Tellez has waived his right to post-judgment interest. In support of its argument, GEO relies on *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007).[1] There, the Supreme Court said that "a final pretrial order . . . supersede[s] all prior pleadings." (*Id.* at 474 (citations omitted)). The Supreme Court also quoted with approval the Tenth Circuit's statement that "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim." (*Id.* at 474 (quoting *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002))). Based on these statements, GEO argues again that Mr. Tellez waived his right to seek post-judgment interest by not requesting it in the final pre-trial order.

But such an interpretation takes the Supreme Court's statements in *Rockwell* too far. First of all, *Rockwell* itself did not examine issues of interest or costs. Instead, it addressed actual claims and causes of action. As such, the Court declines to infer that the Supreme Court intended to preclude plaintiffs from recovering interest on a judgment. Interest on a judgment is a statutory right that automatically accrues to a victorious plaintiff. The same cannot be said of claims, issues, defenses, or theories of damages, which are not automatic statutory rights, but instead must be proved to and approved by a factfinder at trial.

---

[1] GEO also cited to this case when discussing pre-judgment interest, but the Court did not address it there because there was more recent and more on-point Fifth Circuit precedent that it found controlling for issues of pre-judgment interest.

The Court's conclusion is further bolstered by the text of Rule 54(c), which states that "[e]very [non-default] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." (FED. R. CIV. P. 54(c)). The rule clearly contemplates parties receiving relief which they have not demanded in pleadings—including the pleadings contained in the final pre-trial order. Interpreting *Rockwell* as GEO does would neuter this rule. It would, in effect, erase the final clause of the rule.

Extending the reasoning of *Rockwell* to awards of interest on a judgment would also rewrite 28 U.S.C. § 1961(a), the statute that creates the federal right to interest on judgments in the first place. GEO would effectively rewrite that section to say that interest "shall be allowed on any money judgment in a civil case recovered in a district court *so long as the plaintiff included a request for interest in the pre-trial order*." That would be a significant change. The Court leaves it to Congress to rewrite § 1961(a) to say that if Congress so desires (especially as Congress has already proven to be capable of creating exceptions to the general rule on its own, *see* § 1961(c)(1)).

For these reasons, the Court finds that Mr. Tellez did not waive his statutory right to post-judgment interest through the simple oversight of failing to include a request for it in the pre-trial order. And because Mr. Tellez has a statutory right to post-judgment interest, the Court will amend its earlier judgment to award that interest to Mr. Tellez.

### C. Costs Excluding Attorney's Fees

Mr. Tellez also asks the Court to amend its prior judgment to include an award of costs. Geo challenges this request for two reasons: (1) because Mr. Tellez waived the right to costs by not requesting them in the final pre-trial order, and (2) because Mr. Tellez "has not provided

evidence of the amount of costs he has actually paid." (ECF #90 at 4, ¶4). The Court will reject both of these challenges and will amend its judgment to award costs to Mr. Tellez.

First, as with pre- and post- judgment interest, Mr. Tellez did not waive his right to costs by failing to request them in the final pre-trial order. Costs are provided for by Rule 54(d)(1), which states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." (FED. R. CIV. P. 54(d)(1)). Mr. Tellez is a prevailing party. And no federal statute, rule, or court order says that he should not receive costs. As such, Mr. Tellez should receive costs.

Again, GEO points to the *Rockwell* case to contend that Mr. Tellez waived his right to costs by not requesting them in the final pre-trial order. But as this Court said earlier, the *Rockwell* case says nothing about costs or other awards that are granted as of right to victorious litigants. And reading *Rockwell* in the way that GEO suggests would effectively rewrite Rule 54(d)(1) to say that "[u]nless a federal statute, these rules, or a court order provides otherwise, *or if the prevailing party fails to request them in the final pre-trial order*, costs—other than attorney's fees—should be allowed to the prevailing party." But that's not what the rule says, and the Court will not so rewrite it.

Second, the Court is not bothered by Mr. Tellez's failure to state the exact amount of costs he has paid. Rule 54(d)(1) also provides for this. The rule continues: "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." (FED. R. CIV. P. 54(d)(1)). So Mr. Tellez may submit his costs to the clerk and request that the Clerk tax those costs. Then, if GEO has any objection to the taxed costs, it will have seven days to challenge them by motion. It is not necessary for Mr. Tellez to prove his costs to the Court before that.

### D. Conclusion: Pre-Judgment Interest, Post-Judgment Interest, and Costs

For these reasons, the Court finds that Mr. Tellez has not waived his rights to pre- and post-judgment interest and to costs. The Court will award to Mr. Tellez pre-judgment interest on only $20,000 of his judgment. The Court will award to Mr. Tellez post-judgment interest on the full $25,000 judgment. And the Court will award to Mr. Tellez costs. To that extent, the Court will GRANT Mr. Tellez's motion.

## II. The Court Will Not Amend Its Prior Judgment to Award Damages for Past Mental Anguish.

Mr. Tellez asks the Court to amend its prior judgment to include an additional award of damages for past mental anguish. He alleges that the Court's failure to award to him damages for past mental anguish was clear error. The Court disagrees. Mr. Tellez provides no new evidence for the Court's consideration. He also points to no new, intervening law for which the Court did not account. Rather, Mr. Tellez cites to a bevy of Texas cases that stand for the proposition that certain disturbing types of injuries or injuries arising out of certain relationships of trust can on their own support an inference that the victim also suffered from mental anguish. (*See, e.g., Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 797 (Tex. 2006) ("Furthermore, some types of disturbing or shocking injuries have been found to support an inference that the injury was accompanied by mental anguish.") (internal quotations and citations omitted); *City of Tyler v. Likes*, 962 S.W.2d 489, 496 (Tex. 1997) ("Mental anguish is also compensable as the foreseeable result of a breach of duty arising out of certain special relationships.")). The Court does not question this doctrine. But just because the Court *can* draw an inference of mental anguish from these kinds of injuries doesn't mean that the Court *must* draw that inference. And as the prior opinion makes clear, the Court, acting as a factfinder, found that Mr. Tellez's evidence regarding mental anguish was not credible and that he in fact did not suffer any compensable mental anguish. Yes, the Court could

have drawn an inference otherwise; but for the reasons given in its prior opinion it did not do so then and will not do so now. Therefore, the Court will DENY Mr. Tellez's motion to that extent.

## CONCLUSION

For the reasons given above, the Court will GRANT IN PART and DENY IN PART Mr. Tellez's Motion to Alter or Amend the Judgment. (ECF #89). The Court will grant the motion to this extent: the Court's earlier judgment (ECF ## 86, 87) will be amended to award to Mr. Tellez pre-judgment interest on $20,000 of his judgment, post-judgment interest on the full $25,000 judgment, and costs. The Court will deny the motion to the extent that Mr. Tellez requests additional damages for past mental anguish. The Court finds that a new trial is unnecessary as to any of these issues, and so the Court will deny the motion to the extent that it requests a new trial.

**A separate order will issue.**

SIGNED this \_\_\_\_\_1st\_\_\_\_\_ day of March, 2018.

*Royce C. Lamberth*
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE